

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 12, 1963

Mr. D. F. Smallhorst
Executive Secretary
Texas Water Pollution Control
 Board
Austin 5, Texas

Opinion No. C-174

Re: Various questions concern-
 ing the construction of
 Article 7621d, Vernon's
 Civil Statutes.

Dear Mr. Smallhorst:

You have requested the opinion of this office on a
number of questions concerning the construction of Article
7621d, Vernon's Civil Statutes (State Water Pollution Control
Board Act). The questions will be stated and answered in the
order in which they were submitted.

"(1) Does the personal representative of an
ex-officio member of the Board, while engaged in
the discharge of official Board duties on behalf
of and as authorized by such member, stand in the
place and stead of such member for purposes of
attending, participating in and voting on matters
arising at Board meetings and hearings?"

Section 3(d) of Article 7621d, Vernon's Civil Stat-
utes, reads as follows:

"Each ex-officio member of the Board listed
in paragraph (c) above, is authorized to delegate
to a personal representative from his office the
authority and duty to represent him on the Board,
but by such delegation a member shall not be re-
lieved of responsibility for the acts and decisions
of his representative."

Under Section 3(d) of Article 7621d, as quoted above,
a personal representative of an ex-officio member would stand
in the place of the ex-officio member for the purposes of Board
duties. This is evident from the language of the statute and
from the provision which places responsibility for the acts and
decisions of the personal representative on the ex-officio mem-
ber. If the personal representative could not act in the place
of the ex-officio member there would be no need for the placing
of responsibility.

-852-

"(2)   If an ex-officio member of the Board
is delegated the authority to take testimony in
a hearing called by the Board, as authorized by
Section 4(d), paragraph (2), . . . may such mem-
ber delegate to a personal representative from
his office the authority and duty to represent
him for the purpose of taking testimony at such
hearing?"

Section 4(d)2 of Article 7621d reads as follows:

"(d)   The Board is hereby authorized to:

". . .

"(2)   delegate to one (1) or more of its
members or to one(1) or more of its employees
the authority to take testimony in any hearing
called by the Board with power to administer
oaths, but all orders entered shall be made by
and in the name of the Board after its official
action and attested to by the Executive Secre-
tary;"

Section 4(d)2 of Article 7621d, as quoted above,
states that the Board is authorized to delegate authority to
a member or employee to take testimony in a hearing called by
the Board.  From the wording of the statute, the authority must
be given by the Board to the person actually taking the testi-
mony at the hearing.  This would preclude an individual member
making a delegation of authority to take testimony at a hearing.
The authority to take testimony must be given by the Board di-
rectly to the person who is to take the testimony.

"(3)   May the Board in delegating authority
to take testimony in a hearing called by the Board,
as authorized by said Section 4(d), paragraph (2),
make such delegation to a named ex-officio member
and further authorize such member to delegate such
authority to a personal representative from his
office?"

Section 4(d)2 of Article 7621d, as quoted earlier,
does not give the Board the power to delegate to one of its
members the appointment power of the Board with respect to hear-
ing officers or persons to take testimony at a hearing called
by the Board.  It therefore follows that a delegation of author-
ity to take testimony at a Board hearing must be made by the
Board itself.

"(4)  Is the duly authorized personal rep-
resentative of an ex-officio member of the Board
entitled to be reimbursed from funds available
for the purposes of Article 7621d for his actual
and necessary travel and other expenses incurred
in the discharge of official Board duties as such
personal representative, to the same extent that
the ex-officio member would be so entitled?"

Section 3(e) of Article 7621d, reads as follows:

"Actual and necessary travel and other ex-
penses incurred by the three (3) ex-officio mem-
bers in the discharge of their official duties as
members of the Board shall be paid out of any
funds which are or may become available for the
purposes of this Act.  Employees of the Board
shall receive their necessary traveling expenses
while traveling on the business of the Board."

Section 3(e) provides for the payment of the travel-
ing expenses for the ex-officio members and the employees of
the Board and makes no mention of the expenses of the personal
representatives of such ex-officio members.  In view of this
language, the statute must be construed as applying to the ex-
officio members and employees of the Board only.  The personal
representative would not be entitled to receive travel expenses
under Section 3(e) of Article 7621d.

"(5)  Are the moneys in Fund 273 expended under
operational control of Budget 49 funds of the Board
or expendable by the Board?"

The facts concerning Fund 273 as set out in your opin-
ion request are as follows:

"To qualify for Federal funds under Public
Law 660, it is necessary for the qualifying agency
to develop a water pollution control program satis-
factory to the Public Health Service, account for
expenditures of Public Law 660 funds, and perform
other functions relative to the administration of
the program.  Because of the limited staff author-
ized and available to the Board, the Board, which
is itself eligible to qualify for such Federal
funds, by resolution requested the State Department
of Health, which in the years prior to the estab-
lishment of the Board was the agency qualifying for

such funds, to meet or continue to meet all
requirements and to apply for and receive
Federal funds for water pollution control ac-
tivities in the State for the 1962 and 1963
Federal fiscal years.  A similar resolution
was adopted for the 1964 and 1965 Federal fis-
cal years. . . . At the request of the Board,
the Health Department also furnishes fiscal
and accounting services for the Board, as au-
thorized by Section 3(h) of Article 7621d,
thereby relieving the Board of the necessity
of employing personnel to perform such serv-
ices.  The Public Health Service funds together
with other Federal moneys are delivered period-
ically in a single Federal warrant  made pay-
able to the Treasurer of the State of Texas.
Upon the advice of the State Department of
Health, the Federal water pollution control
moneys are set up by the Comptroller in two
funds.  One of these is Fund 153, which also
receives moneys transferred to the Board from
other State agencies under Section 3(1) of Ar-
ticle 7621d.  This fund is recognized by the
Comptroller as a Board fund.  The other is Fund
273, which is a Health Department fund, recog-
nized as such by the Comptroller.  However, part
of the money in Fund 273 is reserved by the
Health Department for the Board to finance some
of the Board's operations, and these expenditures
are made under an operating control budget known
as Budget 49. . . ."

According to the facts submitted, the moneys in Fund
273 are grants from the Federal Government to the Health Depart-
ment based on the qualifications and application of the Health
Department.  The funds are carried by the Comptroller as Health
Department funds.  Even though these moneys are budgeted to the
Board by the Health Department, they are still Health Depart-
ment funds until they are paid over to the Board.  The moneys in
Fund 273 under Budget 49 would not be considered funds of the
Board and would not be expendable by the Board.

"(6)  Would a person on the staff of the
Board whose salary is paid from Fund 273 under
Budget 49 and who is subject to the supervision
of the Executive Secretary of the Board, but who
is also considered by the Health Department as
an employee of that agency for retirement, annual

leave and other purposes of personnel policy,
be an 'employee' of the Board for the purpose
of being eligible to have delegated to him the
authority to take testimony in a hearing
called by the Board, as authorized by said Sec-
tion 4(d), paragraph (2)?"

As stated in your question, the person would be paid
from Health Department funds, would be considered by the Health
Department as their employee for personnel purposes, and would
also be considered an employee of the Health Department for re-
tirement and annual leave. Under the facts as stated, the per-
son would be a Health Department employee and not an employee
of the Board.

"(7) Would a member of the staff of the
Board whose salary is paid from Fund 153 and who
is subject to the supervision of the Executive
Secretary of the Board be an 'employee' for such
purpose?"

The moneys in Fund 153 are Board funds, so if a per-
son was paid by the Board, was subject to the supervision of
the Executive Secretary, and was hired under personnel policies
of the Board, the person would be an employee of the Board for
purposes of Article 7621d.

"(8) Would a person retained as a profes-
sional consultant under authority of Section 3(h)
of the Act and compensated from Fund 153 be an
'employee' for such purposes?"

Normally a professional consultant is not considered
an employee, but is considered an independent contractor. If
the consultant is compensated on a retainer or fee basis and if
he is not subject to supervision in the details of his work, he
would be considered as an independent contractor.

Section 3(h) of Article 7621d reads, in part, as fol-
lows:

". . . the Board may employ and compensate
with funds available therefor professional con-
sultants, assistants and employees that may be
necessary. . . ."

Section 3(h), quoted in part above, draws a distinc-
tion between professional consultants and employees and since

Mr. D. F. Smallhorst, page 6 (C-174)

Section 4(d)2 deals with employees and members only, the Legislature must have intended to carry out this distinction with regard to authority to take testimony at its hearings. It follows that a professional consultant could not be considered an "employee" for purposes of Section 4(d)2 of Article 7621d.

## SUMMARY

Under Section 3(d) of Article 7621d of Vernon's Civil Statutes, a personal representative of an ex-officio member of the Board would stand in the place of the ex-officio member for the purposes of Board duties. Under Section 4(d)2, the authority to take testimony must be given by the Board directly to the person who is to take the testimony. Section 3(e) provides for the payment of the traveling expenses for the ex-officio members and employees of the Board only and does not apply to their personal representatives. The moneys in Fund 273 under Budget 49 would not be considered funds of the Board and would not be expendable by the Board. A person paid from Health Department funds and considered by the Health Department as their employee for purposes of personnel policy, retirement, and annual leave would not be an employee of the Board for purposes of Section 4(d)2. A person paid from Board funds, hired under Board personnel policy, and subject to the control and supervision of the Executive Secretary of the Board would be a Board employee for purposes of Section 4(d)2. A professional consultant would not be considered an employee for purposes of Section 4(d)2 of Article 7621d.

Yours very truly,

WAGGONER CARR
Attorney General

By Jack G. Norwood
Assistant

JGN:wb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Gordon Appleman
Jerry Brock
Cecil Rotsch
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone